**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-1049**

In re: GERALD DAMONE HOPPER,

Petitioner.

On Petition for Writ of Mandamus to the United States District Court for the Western District of North Carolina, at Charlotte.  (3:95-cr-00119-MOC-SCR-1)

Submitted:  March 28, 2024                                Decided:  April 12, 2024

Before WILKINSON, GREGORY, and RICHARDSON, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Gerald Damone Hopper, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After Gerald Damone Hopper allegedly violated the terms of his supervised release, his probation officer filed a revocation petition, prompting a magistrate judge to issue a warrant for Hopper's arrest. Hopper then moved to recuse the judge and quash the warrant, correctly noting that the judge had, decades earlier, served as the lead prosecutor in Hopper's underlying criminal case. The district court entered an order denying the motions. Hopper now petitions for a writ of mandamus seeking an order from this court vacating the district court's order. We conclude that Hopper is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires." *Murphy-Brown*, 907 F.3d at 795 (cleaned up).

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Assuming without deciding that the magistrate judge's recusal was warranted, we conclude that any error was cured when a second magistrate judge independently concluded that the allegations in the revocation petition were supported by probable cause. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 862 (1988) (explaining that § 455(a) violations are subject to harmless error review).

2

Accordingly, we deny the petition for writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*